O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
JEFFERY S. FLORES   8691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com

Attorneys-Designate for Debtor and
Debtor-in-Possession,
HOANA MEDICAL, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | Case No. _____ |
|---|---|
| HOANA MEDICAL INC., | (Chapter 11) |
| Debtor and Debtor-in-Possession. | *Hearing:*<br>Date:<br>Time:<br>Judge: Honorable Robert J. Faris |

**MOTION FOR ORDER PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND PROVIDING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, OR IN THE ALTERNATIVE, PAY UTILITIES PRE-PETITION INVOICES; EXHIBIT A**

Hoana Medical, Inc. ("Hoana"), the Debtor and Debtor-in-Possession, hereby moves this Court for an order prohibiting utilities from altering, refusing, or discontinuing services, and providing adequate assurance of payment to utility

providers, as required by Bankruptcy Code § 366(b), or in the alternative, authorize the Debtor to pay pre-petition utility invoices.

This Motion is made for the purposes of avoiding a crippling disruption of the Debtor's operations at the commencement of this proceeding, and is made on the following grounds:

## I. BACKGROUND

On December 8, 2015, this Court entered its order for relief under Chapter 11 of the Bankruptcy Code.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

As part of the Debtor's operations, the Debtor needs regulated utility service, including telephone service and internet service, in order to allow the Debtor to continue to maintain its operations.

## II. RELIEF REQUESTED

By this motion, the Debtors seek an order (a) prohibiting utilities from altering, refusing, or discontinuing services, and (b) providing adequate assurance of payment to utility providers.

In order for each of the Debtors to operate, various utility services are or may be required (such as internet and telephone service or computer-related

286990v1/55555/JSF

2

U.S. Bankruptcy Court - Hawaii  #15-01493  Dkt # 3  Filed 12/08/15  Page 2 of 8

services). The success of the Debtor's restructuring within this proceeding is dependent upon its ability to continue to operate its business. The termination of utility services would be fatal to the Debtor's plan. The utility and utility-type services provided to the Debtor are listed in the attached Exhibit A.[1]

The Debtor seeks permission to provide adequate assurance of payment to each of the utility providers listed on Exhibit A by bringing current all pre-petition utility invoices or in the alternative, prepaying the approximate cost of the service. The Debtor seeks an order authorizing the Debtor to pay the pre-petition utility invoices post-petition, in an amount to be determined as of the petition date.

Uninterrupted utility services are essential to ongoing operations and, therefore, to the success of each of the Debtors' reorganization. If the utility companies listed in Exhibit A (and other similar utility providers) were to discontinue service, the Debtor's businesses would be severely disrupted. It is therefore critical that utility services continue uninterrupted.

---

[1] The inclusion or failure to include any entity in Exhibit A is not an admission by the Debtor that the entity is or is not, as the case may be, a utility within the meaning of Bankruptcy Code § 366, and the Debtor reserves its rights with respect to the determination of that issue. Additionally, the relief sought herein pertains to all of the utility companies providing services to the Debtor, whether or not they are included in Exhibit A. If the Court determines that a separate motion and hearing is required, the Debtor reserves its right, if necessary, to file an emergency motion for an order prohibiting such utilities from altering, refusing, or discontinuing services and providing adequate assurance of payment to those utility providers.

The Debtor proposes to repay the amount equal to one month's charge for each utility provided listed on Exhibit A as adequate assurance of payment, pursuant to Bankruptcy Code § 366(c), *if necessary* and ordered by the Court. According to the Debtor's records, as of the date of the Order for Relief, the debtor has scheduled the amount of the utility invoices.

If the Court determines that additional adequate assurance of payment is required for any utility provider listed on Exhibit A, the Debtor seeks permission to provide additional adequate assurance of payment to such utility provider by paying said utility for all services up to the petition date, even if said utility provides the invoice post-petition for pre-petition services. The Debtor will determine the amount which it will pay each requesting utility provider by paying in the ordinary course of business the full amount that was owed to the utility on the petition date, either by way of a post-petition invoice or estimating the pre-petition amount due.

## III. AUTHORITY FOR RELIEF

Under Bankruptcy Code § 366, a debtor's utility services may not be altered, refused, or discontinued; nor may a utility discriminate against a debtor solely because of the commencement of a bankruptcy case, or the failure of a debtor to pay timely a debt owed by the debtor for utility services furnished pre-petition. A utility, however, may alter, refuse, or discontinue service within 20

days after the order for relief if the debtor does not furnish "adequate assurance of payment" for service after such date. In addition, in a case filed under Chapter 11, as this case is, a utility provider may alter, refuse, or discontinue service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive adequate assurance of payment that is satisfactory to the utility provider. Notwithstanding this, the Court may, on motion, override the utility's demand and order a modification of the amount of an assurance of payment.

The Debtor believes that disputes about the adequacy of the assurances of payment it offers will be avoided if the Debtor is allowed to pre-pay and satisfy its utility pre-petition accounts because such payment would clearly be adequate to assure payment for services provided after the date of filing.

Courts have acknowledged that maintenance of utility services was necessary to the debtor's ongoing operations. According to Bankruptcy Code § 366(c)(l)(A)(v), the pre-payment of utility service is one of the specifically enumerated means of providing as assurance of payment to a utility provider. Also, adequate assurance can be provided by a Section 503 administrative priority and no deposit will be required. <u>Virginia Electric & Power v. Caldor, Inc.</u>, 117 F.3d 646 (2nd Cir. 1997). <u>See also</u> 3 <u>Collier on Bankruptcy</u>, ¶ 366.01 <u>et. seq.</u> (16th ed. 2014).

## IV. RESERVATION OF DEBTOR'S RIGHTS.

Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code § 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of a claim of a waiver of the Debtor's rights to dispute such claim subsequently.

This motion is made pursuant to Bankruptcy Code §§ 105(a), 363, and 366 and the above-cited authorities and is based on the Declaration of Edward Chen and the relevant parts of the record in this case.

WHEREFORE, Hoana Medical, Inc. requests the Court enter an order prohibiting utilities named on Exhibit A, from altering, refusing, or discontinuing services, and authorizing the Debtor to pay the amount equal to the amount due and owing to the utility as of December 8, 2015 as listed on Exhibit A as adequate assurance of payment, pursuant to Bankruptcy Code § 366(c). Furthermore, in lieu of prohibiting the utilities or utility-like service from terminating, the Debtor seeks authority to pay in full the amounts owed to the utilities of utility-like provider. Debtor seeks an order authorizing the Debtor to pay the pre-petition utility

invoices, even if said utility charge are subject to post-petition invoices in lieu of providing adequate assurance for payment by way of a deposit.

To the extent this Court determines that the suppliers and creditors listed on Exhibit A are not regulated or unregulated public utilities or common carriers, then make a determination that these services are provided pursuant to a pre-petition executory contract and said pre-petition executory contracts remain in effect until assumed or rejected pursuant to 11 U.S.C. § 365, or paid in full.

DATED: Honolulu, Hawaii, December 8, 2015.

/s/ Jerrold K. Guben
JERROLD K. GUBEN
JEFFERY S. FLORES

Attorneys for Debtor and
Debtor-In-Possession
HOANA MEDICAL, INC.

286990v1/55555/JSF                     7

U.S. Bankruptcy Court - Hawaii  #15-01493  Dkt # 3  Filed 12/08/15  Page 7 of 8

# EXHIBIT "A"

| Company | Service | Amount# | Address | Monthly Invoice |
|---|---|---|---|---|
| Time Warner Oceanic Cable | Internet | 105-852-780-179 | 200 Akamainui Street, Mililani, HI 96789 | $261.73 |
| Hawaiiantelcom | Long Distance Phone | 107321408700010 | P.O Box 30770 Honolulu, HI 96820-0770 | $233.80 |
| Hawaiiantelcom | Local | 106400831400010 | P.O Box 30770 Honolulu, HI 96820-0770 | $17.04 |
| Amazon | Web Service | | 410 Terry Ave., North Seattle, WA 98109-5210 | $16.16 |
| Ring Central | 800 Number/Message | | 20 Davis Drive Belmont, CA 94002 | $35.44 |
| Microsoft Exhange | Office E-Mail | | One Microsoft Way Redmond, CA 98052-6399 | $41.88 |
| Liquid Web | Server Hosting | | 4210 S. Creyts Road Lansing, MI 48917-9526 | $14.95 |
| | | | **TOTAL §366 Adequate Assurance Payments** | **$621.00** |

All other utilities (electricity, water, gas, etc.) included in rent.