O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
JEFFERY S. FLORES    8691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com; jsf@opglaw.com

Attorneys-Designate for Debtor and
Debtor-in-Possession,
HOANA MEDICAL, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HOANA MEDICAL INC.,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. _____<br>(Chapter 11)<br><br>*Hearing:*<br>Date:<br>Time:<br>Judge: Honorable Robert J. Faris |

### DEBTOR'S MOTION TO PAY PRE-PETITION WAGES, SALARIES, BENEFITS AND APPLICABLE TAXES POST-PETITION AS AN ADMINISTRATIVE CLAIM; EXHIBITS A and B

Hoana Medical, Inc., the Debtor and Debtor-in-Possession, hereby moves this court for an Order authorizing the Debtor to pay the employees' pre-petition wages, salaries, benefits, including medical and dental insurance for the employees, and applicable taxes post-petition as an administrative claim and

continue to pay wages and benefits earned post-petition in the ordinary cause of business.

The employees whose pre-petition wages, salaries, and benefits, including applicable taxes and contributions to the pension plans will be paid post-petition are scheduled on Exhibit A and B attached to the Memorandum in Support of this Motion. To accomplish this payment the Debtor requests the payment of $79.18 to Ceridian, the payroll administrator.

This Motion is brought pursuant to 11 U.S.C. §§ 105, 507(a)(4), 507(a)(5), 1106, and 1107(a), and is based upon the attached Memorandum in Support, the Exhibits attached thereto and the pleadings filed in this case.

DATED: Honolulu, Hawaii, December 8, 2015.

/s/ Jerrold K. Guben
JERROLD K. GUBEN
JEFFERY S. FLORES
Attorneys for Debtor and
Debtor-In-Possession
HOANA MEDICAL, INC.

O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
JEFFERY S. FLORES    8691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com; jsf@opglaw.com

Attorneys-Designate for Debtor and
Debtor-in-Possession,
HOANA MEDICAL, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HOANA MEDICAL INC.,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. _____<br>(Chapter 11)<br><br>*Hearing:*<br>Date:<br>Time:<br>Judge: Honorable Robert J. Faris |

**MEMORANDUM IN SUPPORT MOTION TO PAY
PRE-PETITION WAGES; EXHIBITS A and B**

Hoana Medical, Inc. ("Hoana"), the Debtor and Debtor-in-Possession, submits this Memorandum In Support of its Motion To Pay Pre-Petition Employee Wages, Salaries, Benefits, including medical and dental insurance for the employees and applicable taxes as a post-petition administrative claim.

# I. BACKGROUND

On December 8, 2015, the Debtor filed its petition for relief. At the time of the filing, the Debtor had incurred pre-petition employee wages, salaries and benefits, including medical and dental insurance for the employees for the period November 23, 2015 to December 4, 2015 and the day of December 7, 2015, which were unpaid at the time of the filing.

Hoana currently has five (5) fulltime and part-time employees. The employees are critical to maintaining and preserving the operations of Hoana, making the existing employees essential to be Debtor's plan for reorganization.

The employees who are the subject of this Motion have performed pre-petition services for the benefit of the Debtor and in the ordinary course of business were to be paid post-petition. The list of employees who are the subject of this Motion are scheduled on the attached Exhibit A, including the amounts each individual earned for the period November 23, 2015 to December 7, 2015. The employees performed these services pre-petition, but the Debtor filed its Chapter 11 Petition before the payroll date of December 11, 2015 for the pay period November 23, 2015 to December 4, 2015 and the payroll date of December 25, 2015 for the pay period December 7 to December 18, 2015. The Debtor wants to make the full payment to the employees as a post-petition administrative expense for the pre-petition payroll period November 23, 2015 to December 4, 2015 as well as December 7, 2015.

It is important to employee morale that they be afforded their employment benefits, in the ordinary course of the Hoana's operations. With regard to other benefits, such as medical, dental, and vision, it is unclear what impact the bankruptcy will have, but in any event the Debtor seeks authority to keep all such benefits in place and uninterrupted. In some instances these benefits will constitute pre-petition claims. In other instances the benefits have been pre-paid and nothing is due. In other instances the benefits will accrue post-petition. To the extent relief is needed to maintain these benefits, including payment of any pre-petition claims for said benefit payments, such relief is requested so that all employees are left with a sense that they are being treated equally. Exhibit "B" lists the costs related to the employee pre-petition wages.

The Debtor requests authority to pay over to the appropriate third parties all such funds in accordance with existing company policies and practices, as well as state and federal laws. The total amount proposed to be paid to each employee in pre-petition wages and gratuities and benefits is likely to be less than the priority cap of $12,475 under 11 U.S.C. §507(a)(4) and $12,475 under 11 U.S.C. §507(a)(5). In the event that an employee might exceed those limits, the difference would be so relatively insignificant that the Debtor respectively seeks authority to honor all such employee claims for wages and benefits.

## II. ARGUMENT

### A. A DEBTOR MAY PAY PRE-PETITION EXPENSES POST-PETITION WITH BANKRUPTCY COURT AUTHORITY.

In the early stages of a reorganization case, certain key employees may refuse to continue to work for the Debtor's post-petition operations unless their pre-petition wage and benefit claims are paid immediately. Because rehabilitation is the paramount goal of a Chapter 11, bankruptcy courts have concluded that they have the power to authorize the immediate payment of pre-petition claims when the alternative is cessation of the debtor's business.

Most common of the pre-petition claims which are paid post-petition are the claims of employees for wages, pensions and medical benefits. In In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989), the court authorized the payment of pre-petition priority wage, salary and medical benefits after the filing of the petition. These payments were made pursuant to the "doctrine of necessity" in order to maintain the debtor's post-petition operations by encouraging employees to remain with the debtor. See In re Just For Feet, Inc., 242 B.R. 821 (D. Del. 1999) (payments may be made to pre-petition creditors where necessary).

In the case at bar, the Debtor had employees with wages and benefits accruing pre-petition for the periods November 23, 2015 to December 4, 2015 as well as the time for December 7, 2015, the majority of which were to be paid post-

petition, on or about December 11, 2015.[1] The filing of the Chapter 11 petition prevents the Debtor from making full payment to its employees for the period November 23, 2015 to December 4, 2015 as well as December 7, 2015. If the pre-petition employees wages are not paid, the Debtor's employees would have a §507(a)(4) claim for up to $12,475 earned in the 180-day period prior to the filing date, payable by way of a Chapter 11 plan of reorganization. The employees listed on Exhibit A are essential to the continued operation of the Debtor's business and they would be paid their regular wages and benefits within a certain number of days after the filing, but the Debtor is not allowed to pay pre-petition wages, post-petition without Court approval. Unless the Debtor paid the employees their pre-petition wages, the employer might be in violation of state law and disrupt the employees' expectations. By paying these pre-petition wages post-petition, the Debtor will be able to maintain continuous and uninterrupted services.

While Sections 1106 and 1107 have been brought into play in connection with Section 105 with respect to claims of the type encompassed within the instant Motion, the claims also fall under the more specific Sections 507(a)(4) and 507(a)(5) of the Bankruptcy code pertaining to pre-petition claims for wages and benefits.

---

[1] December 7, 2015 is part of the December 7, 2015 to December 18, 2015 pay period and would have been paid on December 25, 2015.

Section 105(a) of the Bankruptcy Code provides that "(t)he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title" 11 U.S.C. § 105(a). The purpose of Section 105(a) is "to enable the court to do whatever is necessary to aid in its jurisdiction, i.e., in anything arising in or relating to a bankruptcy case." 2 Collier on Bankruptcy. If 105.02 (15th ed. 1990). Essentially, 11 U.S.C. § 105(a) codifies the bankruptcy court's inherent equitable powers. In re Feit & Drexler, Inc., 760 F.2d 406(2dCir. 1985).

In a long line of well-established cases under Section 105(a), courts consistently have authorized a debtor to pay certain creditors' pre-petition claims where necessary or appropriate to preserve or enhance the value of the debtor's estate for all creditors. See Miltenberger v. Logansport Railway, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of. . . (crucial) business relations . . . ."); Gregg v. Metropolitan Trust Co., 197 U.S. 183 (1905) ("[T]he payment of the employees of the (rail)road is more certain to be necessary in order to keep it running than payment of any other class of previously incurred debt"); In re Chateaugay Corp., 80 B.R. 279 (Bankr. S.D.N.Y. 1987), appeal dism'd, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing debtor prior to plan stage of case to pay pre-petition wages, salaries, business expenses and benefits); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) (payment of all pre-petition wages,

salaries, reimbursable business expenses and health benefits beyond the [then] $2,000 maximum set by 11 U.S.C. § 507(a)(3) to current employees of debtor airline authorized); In re Gulf Air, Inc., d/b/a TransOcean Airways, Inc., 112 B.R. 152, 153 (Bankr. W.D. La. 1989) (authorizing payment of pre-petition wages, benefits and expenses permitted to "safeguard against loss of going-concern values"); In re Biggs, Inc., 159 B.R. 737, 738 (Bankr. W.D. Pa. 1993) (authorizing payment of $1.5 million from proceeds of inventory sale to pre-petition wage claims where payment was "necessary to avert a serious threat to the chapter "process").

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, or "BAPCPA," it is clear from the amendments to the Bankruptcy Code that employee wage claims are deserving of priority treatment. Pre-BAPCPA, the former Section 507(a)(3) of the Bankruptcy Code required that certain claims for pre-petition wages, salaries, commissions, vacation, severance and sick leave pay be accorded a priority of up to $4,650 in payment. Post-BAPCPA, the corresponding Code Section, Section 507(a)(4), now requires that those same claims for pre-petition wages, salaries, commissions, vacation, severance and sick leave pay be accorded a priority of up to $12,475 in payment, almost triple the allowable claim pre-BAPCPA.

The amounts that the Debtor seeks authority to pay would be accorded priority under Section 507(a)(4) of the Bankruptcy Code. Since there are no general secured creditors in this case, it is likely that these pre-petition employee claims will be paid in full. Under the circumstances, the Court should, under section 105(a) of the Bankruptcy Code, authorize the Debtor to pay these pre-petition obligations in the ordinary course of its business.

## III. CONCLUSION

Based on the above, the Debtor seeks a Court order authorizing the Debtor to pay pre-petition wages, salaries, benefits, including medical and dental insurance for the employees and applicable taxes for the period November 23, 2015 to December 4, 2015, and for the day of December 7, 2015 as a post-petition administrative expense, to the employees scheduled on Exhibit A as well as their related costs as scheduled on Exhibit B.

As an additional payment, the Debtor requests payment of the pre-petition Ceridian claim of $79.18 to make the payments authorized by this Order.

DATED: Honolulu, Hawaii, December 8, 2015.

_____
JERROLD K. GUBEN
JEFFERY S. FLORES
Attorneys Debtor and Debtor-In-Possession
HOANA MEDICAL, INC.

# EXHIBIT "A"

|  |  | Pay Period | |
|---|---|---|---|
|  |  | 11/23 – 12/4 | 12/7-12/18* |
|  |  | Pay Date | |
| **Name** | SS# (last 4) | 12/11/15 | 12/25/15 |
| Edward Chen | 9951 | $3,230 | $323.00* |
| David Cornejo | 0312 | $4,675 | $461.50* |
| Paul Embree | 0707 | $1,962 | $196.20* |
| Sandy Yang | 6649 | $500 | $50.00* |
| Pat Sullivan | 9727 | 0 | 0 |
|  | Total | $10,367.00 | $1,030.70* |
|  | Grand Total |  | $11,397.70 |

*Amounts listed are for December 7, 2015 pre-petition wages only

# END OF EXHIBIT "A"

# EXHIBIT "B"

## Employee Benefits To Be Paid

| VENDOR | SERVICE | AMOUNT |
|---|---|---|
| Kaiser Permanente<br>P.O. Box 203011<br>Denver, CO 80220-9012 | Health Insurance | $1,339.54 |
| Vision Service Plan<br>P.O. Box 45210<br>San Francisco, CA 94145-5210 | Health Insurance | $32.42 |
| Hartford Group Benefit Division<br>P.O. Box 8500-3690<br>Philadelphia, PA 19178-3690 | Temporary Disability Insurance | $143.53 |
| Hawaii Dental Service<br>Topa Financial Center<br>700 Bishop Street, Suite 700<br>Honolulu, Hawaii 96813-4196 | Health Insurance | $146.40 |
| HMSA<br>P.O. Box 860<br>Honolulu, HI 96808 | Health Insurance | $490.46 |
| Ceridian<br>3311 E Old Shakopee Rd.<br>Bloomington, MN 55425 | Payroll Processing | $79.18 |
| | Total | $2,231.53 |

## END OF EXHIBIT "B"