O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
JEFFERY S. FLORES    8691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-8350
Facsimile:  (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com

Proposed Attorneys for Debtor and
Debtor-in-Possession,
HOANA MEDICAL INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HOANA MEDICAL INC.,<br><br>       Debtor and<br>       Debtor-in-Possession. | Case No. _____<br>(Chapter 11)<br><br>*Hearing:*<br>Date:<br>Time:<br>Judge:  Honorable Robert J. Faris |

**OMNIBUS DECLARATION OF EDWARD CHEN IN
SUPPORT OF FIRST DAY MOTIONS**

I, Edward Chen, hereby declare as follows:

1.    I am the President and responsible person for the Debtor and Debtor-in-Possession Hoana Medical, Inc. ("Hoana").

2. I submit this Declaration in Support of the Debtor's First Day Motions separately filed, including:

- Application for Order Authorizing Retention of O'Connor Playdon & Guben LLP as General Counsel for the Debtor; Declaration of Jerrold K. Guben

- Motion for Order Authorizing the Interim Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Rule 4001(b), F.R.Bk.P.

- Motion for Order prohibiting Utilities from Altering, Refusing or Discontinuing Services, and Providing Adequate Assurance of Payment to Utility Providers, or the Alternative, Pay Utilities Pre-Petition Invoices;

- Debtor's Motion for Order Authorizing Continued Use of Existing Bank Accounts;

- Motion to Pay Pre-Petition Wages, Salaries, Benefits, and Applicable Taxes Post-Petition as an Administrative Claim;

- Motion to Approve Premium Finance Agreement;

- Motion to Approve Debtor-In-Possession Financing;

- Motion for Order Establishing Notice Procedures.

3. On December 8, 2015, Hoana filed its Petition for Relief.

4. At the time of the filing, First Hawaiian Bank and Oceanit Laboratories, Inc. had on file with the State of Hawaii Bureau of Conveyances, Uniform Commercial Code Financing Statements which appear to cover the Debtor's cash and accounts from the operations of its medical device business.

U.S. Bankruptcy Court - Hawaii   #15-01493   Dkt # 10   Filed  12/08/15   Page 2 of 7

5.     The Debtor operates a medical device company that designs and manufacturers patient monitors and is located at 828 Fort St. Mall, Suite 620, Honolulu, HI 96813.

6.     There are various vendors and suppliers that are critical to Debtor's business. Debtor has had relationships with these vendors and suppliers for many years. Some of the vendors and suppliers provide unique goods and services and those vendors and suppliers are irreplaceable or there are no other vendors or suppliers that would be willing to work with Debtor at rates suitable to Debtor's formalwear rental store operations. Moreover, given the nature of the suppliers, most of the goods and services are provided on a current basis.

7.     At the time of filing, there were various pre-petition amounts due to the vendors which Debtor seeks to pay post-petition. Without payment of the pre-petition amounts due, many may be unable or unwilling to provide Debtor with the goods, supplies, and services necessary and crucial to the Debtor's operations.

8.     The Debtor currently has five (5) full-time and part-time employees.

9.     As part of their employment, employees receive wages, salaries, and benefits, such as health insurance and other ancillary benefits.

U.S. Bankruptcy Court - Hawaii  #15-01493   Dkt # 10   Filed  12/08/15   Page 3 of 7

10. Employees are paid on a bi-monthly basis. At the time of filing, Debtor had incurred pre-petition wages, salaries and benefits for the pre-petition period of November 23, 2015 to December 4, 2015, and December 7, 2015. The next scheduled payroll date is December 11, 2015 for the period of November 23, 2015 to December 4, 2015 and December 25, 2015 for the period of December 7, 2015 to December 18, 2015.

11. True and correct copies of lists of Debtor's employees, their pay rates and the approximate amounts due and owing for the November 23, 2015 to December 4, 2015 and December 7, 2015 to December 18, 2015 periods are attached to the Motion to Pay Pre-Petition Wages, Salaries, Benefits, including required health benefits and Applicable Taxes Post-Petition as Administrative Claim.

12. As of the Petition Date the Debtor had: (a) checking accounts with First Hawaiian Bank and with Bank of Hawaii, (b) a savings account with First Hawaiian Bank, and (c) money market accounts with First Hawaiian Bank and Bank of Hawaii, which are noted in the Debtor's Motion for Order Authorizing Continued Use of Existing Bank Accounts.

13. The Debtor seeks authority for continued use of its checking and savings account with First Hawaiian Bank.

14. The Debtor seeks to retain O'Connor Playdon & Guben LLP and general counsel for the Debtor and has filed its Application for Order Authorizing Retention of O'Connor Playdon & Guben LLC as General Counsel for the Debtor.

15. The Petition was filed before the Debtor could provide O'Connor Playdon & Guben LLP with a pre-petition retainer to cover the post-petition services.

16. At a later time, OPG may request the Court authorize a post-petition retainer in the amount of $25,000.

17. The Debtor has in the Motion for Order Prohibiting Utilities from Altering, Refusing, or Discontinuing Services, and Providing Adequate Assurance of Payment to Utility Providers or in the Alternative, Pay Utilities Pre-Petition Invoices (the "Motion Respecting Utilities"), the Debtor requests that the Court enter an order to, among other things, (a) prohibiting the Debtor's utility providers from altering, refusing, or discontinuing services to the Debtor, and (b) providing adequate assurance of payment to those utility providers, or utility-like providers by paying the pre-petition amounts due.

18. Exhibit A to the Motion Respecting Utilities lists the Debtor's utility providers.

19.	The filing of the bankruptcy petition was precipitated by an arbitration award in favor of CMT Investments, LLC and Richard Erickson and against the Debtor, issued by the American Arbitration Association, Commercial Arbitration Tribunal, Case No.: 01-14-0001-8610, dated October 16, 2015. On November 18, 2015, CMT Investments, LLC and Richard Erickson filed Petitioners' Motion to Confirm Arbitration Award in the Circuit Court of the First Circuit State of Hawaii, S.P. No. 15-1-0488 GWBC the hearing is scheduled for December 9, 2015.

20.	The confirmation and the recordation of the judgment confirming the arbitration award could result in collection actions by the judgment creditor which could disrupt and/or permanently affect the Debtor's medical device business, or the Debtor's licensing contracts.

21.	The Debtor has negotiated terms with Faurecia USA Holdings, Inc. which are included in the Motion to Approve Debtor-In-Possession Financing, which pre-petition contact for licensing the Debtor's technology and patents.

22.	The Debtor's principal assets, aside from Net Operating Losses, is its intellectual property, namely its patents registered with the US Patent and Trademark Office.

23.	The Debtor believes that with the necessary financing it will be able to further develop the market for its patient monitors.

U.S. Bankruptcy Court - Hawaii  #15-01493   Dkt # 10   Filed  12/08/15   Page 6 of 7

24.     The Chapter 11 will give the Debtor an opportunity to scale back its debt service payments, and take further appropriate action.

25.     In particular, the Debtor seeks the use, on an interim basis, the post-petition revenues for the payments of post-petition expenses, including all allowed professional fees and costs, for those professionals approved by the Court and any fee arrangement also approved by the Court.

26.     To the extent that the Court decides that the secured creditor is entitled to adequate protection, the Debtor proposes to give the secured creditor a replacement lien upon the entry of the Interim Order in the Debtor's post-petition revenues and determine, based on the budget, if additional or other adequate protection is needed.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 8th of December, 2015.

_Ed Chen_
_____
EDWARD CHEN

U.S. Bankruptcy Court - Hawaii  #15-01493  Dkt # 10  Filed  12/08/15  Page 7 of 7